### O'BRIEN, Guardianship, In re.

Ohio Appeals, Second District, Darke County.

No. 738.   Decided November 17, 1955.

Paul W. Younker, Greenville, Robert C. Alexander, of Harshman, Young, Colvin and Alexander, Dayton, for appellant David A. Wion.

Edward A. Goubeaux, Jr., Greenville, for appellee Jerome H. Goubeaux, successor guardian of Florence E. Snyder O'Brien.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By THE COURT:

This is a law appeal from a judgment of the Probate Court for Darke County, sustaining certain exceptions to the first, second and second supplemental accounts filed by the appellant, David A. Wion, as Guardian and former Guardian of Florence E. Snyder O'Brien, a mentally incompetent person.

Four errors are assigned:

(1) The court erred in admitting evidence offered by appellee, to which evidence objection was then and there made.

(2) The court erred in refusing to admit evidence offered by appellant which was not cumulative in its nature.

(3) The judgment of the court is against the weight of the evidence.

(4) The court erred in overruling the motion for a new trial.

Although the first two assignments are not discussed in the appellant's brief, we have examined the entire record with reference to them and are of the opinion that they are not well taken.

Considering the next assignment, relating to the weight of the evidence, the record reveals that eight exceptions were filed to the accounts, six of which were found to be well taken, in whole or in part. The items in all of them, with the exceptions of those in 1, 6 and 7, involved numerous small items and the discussion of the evidence concerning them would be of no value. Suffice it to say, we find the court's ruling as to them was in accordance with the evidence, and the assignments are not well taken.

In considering the remaining three, we find that the first alleges that the accounts filed by the guardian are not true and correct, and do not constitute a proper accounting of the estate in the following particulars, to-wit: That the said David A. Wion improperly credits himself with numerous items of automobile expense which were not incurred for the benefit of his ward. The items involved in this exception all relate to charges made against the estate for repairs, depreciation, insurance, licenses and other incidental expenses incurred on the ward's 1941 Chrysler Imperial sedan automobile. The court allowed such charges for the first two years of the guardianship during which period of time the ward was able to make some use of the same, but disallowed all after that time and charged the guardian for the depreciation on the said automobile for the reason that the ward had become an invalid and it had become apparent that she would be unable to make any further use of the same. The court therefore concluded that it was not to the best interest of the estate to keep the said automobile. This ruling of the court depends entirely upon the factual situation presented and our examination of the record discloses it was not against the manifest weight of the evidence as urged by counsel for appellant. There is substantial evidence to the effect that the guardian had made personal use of the automobile for the last four years of his administration, which was in violation of §2109.43 R. C.

The sixth exception related to the guardian's failure to charge himself with certain annuity payments and life insurance company payments made as renewal commissions due to her late husband, amounting

to the sum of $2095.68. The proof as to the correctness of this amount due the estate consisted of cancelled checks, which bore the endorsement of the guardian and it became only a mathematical problem as to the amount with which the estate should be charged. The court properly allowed the exception in the amount previously stated, which was in accordance with the evidence.

The seventh exception was grounded upon the premise that the appellant was not entitled to fees for his services in the amount of $2725.91, which he had charged and collected from the estate of his ward. The court found from the evidence that the guardian had received $2925.00, to which he was not entitled for the following reasons: (1) That he failed to account for certain moneys received in behalf of the estate; (2) that he failed to promptly file his second account, after being notified to do so; and also, that he had mismanaged the estate in general. We find substantial evidence in the record supporting the findings of the court with relation to the failure to account for certain moneys received, and also with reference to the mismanagement of the estate in general. Sec. 2109.31 R. C., provides that a guardian who fails to file his account within thirty days after he has been served with a citation to file the same is not entitled to compensation if the court finds that the delay is unreasonable, but this section has application only after a citation has been served upon the guardian, which was not done in this case; hence, we are of the opinion that compensation may not be denied him for the reason that he failed to file an account upon the verbal request of the court. The Judge stated in his written decision that the second account was not filed until after he had been repeatedly notified that it was overdue and an action had been filed to remove him as such guardian. Therefore, this neglect does not sustain that part of the second finding relating thereto. However, the finding that he failed to account for certain moneys received and that the estate was mismanaged are sufficient to support the judgment, such a determination resting solely in the discretion of the trial court. Unless there has been an abuse of discretion a reviewing court may not interfere with such an order. Mismanagement alone has been held as a sufficient ground for the denial of compensation to a guardian. 20 O. Jur. 366, Sec. 196; In re Oliver, 9 O. N. P., 178; In re Chambers, 16 O. O. 519, 136 Oh St 202.

We find no error in the record and the judgment will be affirmed.

MILLER, PJ, HORNBECK and CONN, JJ, concur.